IN THE CIRCUIT COURT OF JEFFERSON COUNTY

STATE OF MISSOURI

| | |
|---|---|
| WILLIAM BECKER and DARCY LYNCH, co-trustees of the ANTOINETTE OGILVY TRUST UNDER THE WILL OF GEORGE OGILVY, | ) ) ) ) ) |
| Plaintiffs, | ) Cause No. ) |
| v. | ) Div. ) |
| CITY OF HILLSBORO, MISSOURI, | ) ) |
| Serve: City Clerk  101 Main Street  Hillsboro, MO | ) ) ) ) |
| Defendant. | ) |

## PETITION

COME NOW PLAINTIFFS, WILLIAM BECKER and DARCY LYNCH, in their capacity as co-trustees of the ANTOINETTE OGILVY TRUST UNDER THE WILL OF GEORGE OGILVY, (hereafter "The Trust") and for their causes of action against Defendant CITY OF HILLSBORO, MISSOURI, (hereafter "The City"), state as follows:

1. Plaintiff The Trust is a testamentary trust established under Missouri law, which, *inter alia*, is the owner of certain real property located in the State of Missouri and within the limits of Defendant The City. Said property is more particularly described within Exhibit A, attached hereto and incorporated by reference herein. (hereafter "The Property")

2. Defendant The City is a municipal corporation located within Jefferson County and organized under Missouri law.

3. The Property was voluntarily annexed into The City in 2000. The ordinance approving the annexation provided that the City would extend municipal services to The Property within a reasonable time. The voluntary annexation ordinance is attached hereto as Exhibit A.

4. The Property is currently zoned by The City for residential use and has been subdivided by The Trust into eight residential lots for development as single-family homes.



5. Section 23-71 of The City ordinances requires that no residence can be developed or occupied unless it has access to a source of water. However, Section 23-73 of the City prohibits the drilling or use of any wells as a water source on any property in The City.

6. The Property is located several hundred feet from The City's municipal water system and the cost to extend such system to the Property exceeds $500,000, making the development and use of The Property for residences economically unfeasible and prohibitively expensive without some relief from the above ordinances of The City.

7. The above ordinances and the failure of the City to extend municipal water services to the Property effectively deprive The Trust from any and all economical and productive use and benefit of the Property and of its property rights therein.

8. The Trust has sought relief from the City from the above ordinances but the City has failed and refused to even consider such relief and refused to allow The Trust to drill any well for water.

9. The combined effect of the above ordinances, as applied by The City to The Property, is to deprive The Trust of its property without compensation or due process of law.

## COUNT I-INVERSE CONDEMNATION UNDER MISSOURI CONSTITUTION

10. The Trust restates the allegations of paragraphs 1 through 9 above as if fully set forth.

11. Article I, Section 26 of the Missouri Constitution provides that "private property shall not be taken or damaged for public use without just compensation".

12. The combined effect of the above ordinances as applied to the Property by The City is to effect a taking of The Trust's property in violation of said constitutional provision in that The Trust has been deprived of all economical and productive use of the Property.

13. As a direct and proximate result of The City's taking of The Trust's property, The Trust has suffered damages from the diminution in value of The Property and The Trust's loss of enjoyment and use thereof, all in excess of $25,000.

WHEREFORE The Trust prays this Court enter judgment in its favor, and against The City for actual damages in an amount in excess of $25,000, for its costs herein, and for such other and further orders as are just and proper.

## COUNT II-INVERSE CONDEMNATION UNDER THE UNITED STATES CONSTITUTION

14. The Trust restates the allegations of paragraphs 1 through 13 above as if fully set forth.

15. The Fifth Amendment to the Constitution of the United States guarantees that no person shall be deprived of property without due process of law and that private property shall not be taken for public use without just compensation. The Fourteenth Amendment to the Constitution of the United States extends and applies the Fifth Amendment to the States, including Defendant the City.

16. The combined effect of the above ordinances as applied to the Property is to effect a taking of The Trust's property in violation of said constitutional provisions in that The Trust has been deprived of all economical and viable use of the Property.

17. As a direct and proximate result of The City's taking of The Trust's property, The Trust has suffered damages from the diminution in value of The Property and The Trust's loss of enjoyment and use thereof, all in excess of $25,000.

WHEREFORE The Trust prays this Court enter judgment in its favor, and against The City for actual damages in an amount in excess of $25,000, for its costs herein, and for such other and further orders as are just and proper.

## COUNT III-42 USC SECTION 1983

18. The Trust restates the allegations of paragraphs 1 through 17 above as if fully set forth.

19. Defendant the City's actions constitute a violation of 42 USC Section 1983 in that The City has deprived The Trust of its constitutional property rights in The Property without compensation and without due process of law.

20. Under 42 USC Section 1988, in addition to any damages caused by the deprivation by The City of its property rights in The Property, The Trust is entitled to an award of its attorneys fees incurred herein.

21. As a direct and proximate result of The City's taking of The Trust's property, The Trust has suffered damages from the diminution in value of The Property and The Trust's loss of enjoyment and use thereof, all in excess of $25,000.

22. Further, The Trust has incurred and will continue to incur attorneys fees and costs in prosecuting this action.

WHEREFORE The Trust prays this Court enter judgment in its favor, and against The City for actual damages in an amount in excess of $25,000, for its costs and attorneys fees herein, and for such other and further orders as are just and proper.

STEVE KOSLOVSKY, LLC

_/s/ Steven W Koslovsky_____
Steven W. Koslovsky MBE 29183
2458 Old Dorsett Road Ste 230
St. Louis, Mo 63043
(314) 720-4524
swk@koslaw.net
Attorney for Plaintiff