UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM BECKER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:22-cv-00886-AGF |
| ) | |
| CITY OF HILLSBORO, MISSOURI, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

Plaintiffs William Becker and Darcy Lynch filed this property rights action in their capacity as co-trustees seeking damages against Defendant City of Hillsboro, Missouri (the "City") for inverse condemnation under the federal and state constitutions and violations of their constitutional rights under 42 U.S.C. § 1983. Plaintiffs allege that they have been deprived of any and all economical and productive use of their property as a result of the actions, ordinances, and regulations of Defendant with respect to water access.

The matter is now before the Court on Defendant's motion to dismiss the complaint for failure to state a claim. Doc. No. 2. For the reasons stated below, the motion will be granted in part and denied in part.

## BACKGROUND

The following facts are taken from the complaint. Doc. No. 1-2. Plaintiffs are co-trustees of the Antoinette Ogilvy Trust Under the Will of George Ogilvy (the "Trust").

The Trust owns a parcel of real property located in Jefferson County, Missouri (the "Property"). Doc. No. 1-3, Voluntary Annexation Ordinance. The Property was voluntarily annexed into the City in 2000. Doc. No. 1-2, Compl. at ¶ 3. The ordinance approving the annexation provided that the City "has the ability to furnish normal municipal services to the area to be annexed within a reasonable time." Doc. No. 1-3, at ¶ B. The Property is currently zoned by the City for residential use and has been subdivided by the Trust into eight residential lots for development as single-family homes. Doc. No. 1-2, at ¶ 4.

Plaintiffs state that Section 23-71 of the City ordinances prohibits any residence from being developed or occupied unless it has access to a source of water. *Id.* at ¶ 5. Section 23-73 of the City ordinances prohibits the drilling or use of any wells as a water source on any property in the City. *Id.* The Property is located several hundred feet from the City's water system and the cost to extend the water system to the property exceeds $500,000. *Id.* at ¶ 6. Plaintiffs allege this excessive cost makes the development and use of the Property as residences economically unfeasible and prohibitively expensive. *Id.* Plaintiffs claim that they have sought a variance from the City with respect to drilling a well, but the City refused. *Id.* at ¶ 8.

Plaintiffs allege that the City ordinances coupled with the City's failure to extend municipal water services has effectively deprived the Trust from any and all economical and productive use and benefit of the Property and its property rights therein. *Id.* at ¶ 7. Plaintiffs filed a petition against the City in the Circuit Court of Jefferson County. The

Defendant then removed the action to this Court on the basis of federal question jurisdiction.[1]  Doc. No. 1.

Plaintiffs' petition sets forth three causes of action.  Count I is a Missouri state law claim of inverse condemnation claiming that the City's actions constitute a taking of the Plaintiff's private property; Count II is a claim of inverse condemnation under the United States Constitution on the same grounds; and Count III is a claim brought under 42 U.S.C. § 1983 claiming Plaintiffs' due process rights have been violated by the actions of the City.  *See id.* at ¶¶ 10-22.

## ARGUMENT OF THE PARTIES

**Inverse Condemnation Claims**

Defendant argues that Plaintiffs have failed to state a claim for each of their causes of action.  With respect to the first claim of inverse condemnation under the Missouri Constitution, Defendant argues that there must be an affirmative act of the City to state a claim for inverse condemnation.  Defendant states that Plaintiffs' allegations center around actions the City has failed to take, namely the alleged failure to extend the municipal water system, and that government inaction does not give rise to a claim of inverse condemnation.  *Id.* at 3 (citing *Ressel v. Scott County*, 927 S.W.2d 518,521 (Mo. Ct. App. 1996)).

---

[1]  Defendant did not discuss the basis for jurisdiction over the state law claim in their notice of removal.  However, Plaintiffs have not moved for remand, and in any event, it appears that the Court has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367.

With respect to the second claim of inverse condemnation under the U.S. Constitution, Defendant argues that Plaintiffs must identify a cognizable property interest that was taken by the City and have failed to do so. Defendant asserts that there are no allegations that the City took or damaged any of Plaintiffs' property. Further, with respect to claims of a regulatory taking, Defendant argues that it did not enact a regulation that limited Plaintiffs' property rights and Plaintiffs can cite to no federal authority which holds that the failure to provide expected services can constitute a regulatory taking. Defendant argues that both of Plaintiffs' inverse condemnation claims fail as a matter of law.

In response, Plaintiffs argue that Defendant incorrectly characterized Plaintiffs' claims as a "nuisance taking" when it is clearly pled as a "regulatory taking." Plaintiffs argue that they have properly alleged the elements for a claim of regulatory taking.

In reply, Defendant argues that Plaintiffs pled inverse condemnation, not a regulatory taking or temporary taking, which Defendant argues are separate and distinct legal theories. Defendants otherwise stands on its original arguments.

**Due Process Claim**

Defendant argues that Plaintiffs have failed to state a claim demonstrating a due process violation. Defendant asserts that under 42 U.S.C. § 1983, Plaintiffs must show a deprivation of a protected property interest for a due process claim. Defendant explains that when the alleged protected interest is a grant of a benefit or a privilege from the government, the plaintiff must have more than a unilateral expectation of it, rather the plaintiff must have a legitimate claim of entitlement to it. Doc. No. 2 at 5 (citing *Craft v.*

*Wipf*, 836 F.2d 412, 416 (8th Cir. 1987)).  Defendant argues that Plaintiffs only have a claimed expectancy that the City's water system be extended to their property and have failed to show an independent source of law giving rise to a protected property interest. Plaintiffs did not address this argument in their opposition.

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party.  *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017).  But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id*. (citations omitted).  Additionally, "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.* 588 F.3d 585, 594 (8th Cir. 2006).

**Inverse Condemnation Claims**

"The Takings Clause of the Fifth Amendment, applicable to the States though the Fourteenth Amendment…prohibits the government from taking private property for public use without just compensation." *Palazzo v. Rhode Island*, 533 U.S. 606, 617 (2001) (citing *Chicago, B. & Q.R. Co. v. Chicago*, 166 U.S. 226 (1897)).  Inverse

condemnation is an action by which a property owner seeks compensation for the government's taking of his or her property, where the government has failed to offer reimbursement. *United States v. Clarke*, 445 U.S. 253, 257 (1980). Such action is also recognized under the Missouri constitution. *Page v. Metro. St. Louis Sewer Dist.*, 377 S.W.2d. 348, 354 (Mo. 1964); Mo. Const. Art. I, § 26. Generally, an inverse condemnation claim involves a physical invasion or intrusion by the government upon private property. *See Palazzo*, 533 U.S. at 617. However, a separate species of inverse condemnation claims, regulatory takings, has also been recognized to arise from excessive regulation by the government, even without any physical invasion. *See Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 415 (1922).

There are two types of regulatory takings often recognized by the courts. The first is a *per se* or total regulatory taking where government regulations completely deprive an owner of all economically beneficial use of the property. *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1019 (1992). Anything less than a complete elimination of value or total loss is a partial taking, which requires ad hoc review under the *Penn Central* factors. *See Palazzo*, 533 U.S. at 617; *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978). In *Penn Central*, the court explained that in evaluating whether a government regulation gives rise to a takings claim, the court must engage in a case-by-case factual inquiry and consider a myriad of factors, including, (1) the economic impact of the regulation; (2) its interference with reasonable investment-backed expectations, and (3) the character of the government action. *Id.* The *Penn Central* inquiry focuses "upon the degree to which [the government action] interferes with legitimate property interests."

*Lingle v Chevron U.S.A., Inc.*, 544 U.S. 528, 540 (2005).  The main concern is "the severity of the burden that the government imposes upon private property rights."  *Id.* at 529.

Here, Plaintiffs' complaint sets forth sufficient factual allegations to establish their regulatory takings claims.  Plaintiffs have pled that the combination of Defendant's ordinances, specifically Section 23-71 and Section 23-73 and the prohibitive costs associated with extending municipal water services, has deprived them of all economically beneficial use of their property.  *See F.P. Dev., LLC v. Charter Twp. of Canton*, 456 F. Supp. 3d 879 (E.D. Mich. 2000) (finding a taking where compliance with a city ordinance required an excessive cost to landowner).  At this stage, these allegations are sufficient.  Whether Plaintiffs have proved a regulatory taking under either *Lucas* or *Penn Central* is a matter better resolved at summary judgment or trial.

Defendant's contention in its reply that Plaintiffs pled inverse condemnation and not a regulatory taking and Plaintiffs should not be permitted to change their legal theory in response to the motion to dismiss lacks merit.  First, a regulatory taking is a type of inverse condemnation.  Second, Plaintiffs' complaint clearly sets out their claims as regulatory takings by pleading that "[t]he combined effect of the above ordinances as applied to the Property by [t]he City is to effect a taking of [t]he Trust's property in violation of said constitutional provisions in that [t]he Trust has been deprived of all economical and productive use of the Property."  Doc. No. 1-2, at ¶ 12; *see also id.* at ¶ 16.  Just because the title of Plaintiffs' claim is labeled "Inverse Condemnation" rather

than the more specific "Regulatory Taking" does not mean that Plaintiffs have failed to state a claim for a regulatory taking.

Defendant's main contention in support of dismissal is that Plaintiffs have failed to allege an affirmative government action. The Court agrees that affirmative government action is required in regulatory takings actions.

> The principle that government inaction cannot be a basis for takings liability is equally relevant in the regulatory-takings context. Indeed, every situation in which the Supreme Court has identified a regulatory taking has involved some kind of affirmative government action.

*Love Terminal Partners, L.P. v. United States*, 889 F.3d 1331, 1341-42 (Fed. Cir. 2018). However, the Court disagrees that Plaintiffs have failed to allege government action. Plaintiffs' complaint identifies numerous affirmative government actions—zoning the property as residential; enacting the regulation banning residential development or occupation without a source of water; enacting the regulation prohibiting drilling and use of a well; refusing to grant Plaintiffs a variance with respect to the well regulation; and assessing an allegedly excessive cost to extend municipal water services—which, when combined, Plaintiffs allege, deprive them of any economic use of their property. These factual allegations are sufficient at the pleading stage. Defendant's motion to dismiss with respect to Counts I and II is thus denied.

**Due Process Claim**

In Count III, Plaintiffs summarily allege that "[t]he City has deprived [t]he Trust of its constitutional property rights in the Property without compensation and without due

process of law." Doc. No. 1-2 at ¶ 19.  Plaintiffs have not specified whether they are alleging a violation of procedural due process, substantive due process, or both.

In order to state a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must first show that the state deprived him or her of some protected "life, liberty, or property" interest, and then must show that the state deprived him or her of that interest without sufficient process.  *Krentz v. Robertson*, 228 F.3d 897, 902 (2000).  With respect to the first prong, a plaintiff must show that the property interest at issue is a protected property interest under state law.  *See Craft v. Wipf*, 836 F.2d 412, 416 (8th Cir. 1987).  Also, when the assertedly protected interest is a grant of a benefit or privilege from the government, a person "must have more than a unilateral expectation of it.  He [or she] must, instead, have a legitimate claim of entitlement to it."  *Id.*  Here, Plaintiffs have failed to clearly identify what property interest they have been deprived of.  The Court cannot discern from the pleadings whether the property interest is economic use of their land, or the right to municipal water services.  In the event it is the former, such claim is likely subsumed by Plaintiffs' takings claim in Count II.   In the event it is the latter, Plaintiffs have failed to establish such interest is a legitimate claim of entitlement rather than a mere expectancy.  With respect to the second prong, Plaintiff has failed to allege any facts with respect to the process by which their rights were deprived and how such process was insufficient.

In order to state a substantive due process claim under 42 U.S.C. § 1983, a plaintiff "must allege that a government action was sufficiently outrageous or truly irrational, that is, something more than…arbitrary, capricious, or in violation of state

law." *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 628 (8th Cir. 2001). This is undoubtedly a high standard:

> [s]ubstantive due process is concerned with violations of personal rights…so severe…so disproportionate to the need presented, and…so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to brutal and inhumane abuse of official power literally shocking to the conscience.

*C.N. v. Willmar Pub. Schs., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 634 (8th Cir.2010) (alterations in original) (quotation omitted). Plaintiffs have pled no such allegations. In any event, it is unlikely that a substantive due process inquiry is proper in the takings context. *See Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 540, 546-48 (2005) (holding that a substantive due process inquiry has "no proper place" in the takings doctrine, while distinguishing *Nollan* and *Dolan* as a special application of unconstitutional conditions doctrine for takings.).

Further, Plaintiffs have failed to plead any factual allegations that distinguish their due process claim from their takings claim. *Pietsch v. Ward County*, 991 F.3d 907, 909-910 (8th Cir. 2021) (holding that when plaintiffs have a remedy for unconstitutional exactions under the takings clause, they cannot claim a redundant remedy under the due process clause); *see also Crown Point Dev., Inc. v. City of Sun Valley*, 506 F.3d 851, 855 (9th Cir. 2007) ("[T]he Fifth Amendment would preclude a due process challenge only if the alleged conduct is actually covered by the Takings Clause.").

It is well recognized that a plaintiff whose property has been taken by a local government can bring a takings claim in federal court under 42 U.S.C. § 1983. *Knick v. Twp. of Scott, Pennsylvania*, —U.S.—, 139 S. Ct. 2162, 2172 (2019). But here it

appears Plaintiffs are arguing a separate due process claim under § 1983. To the extent Plaintiffs are asserting their § 1983 claim under the takings doctrine, it is duplicative of Count II. To the extent they are bringing a separate due process claim, they have failed to properly allege their claim, as outlined above. As such, Count III is dismissed without prejudice.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss is **GRANTED in part and DENIED in part**. Doc. No. 2. Count III is **dismissed without prejudice**. Defendants' motion to dismiss is otherwise **denied**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 31st day of March, 2023.