UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM BECKER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:22-CV-00886-AGF |
| ) | |
| CITY OF HILLSBORO, MISSOURI, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant City of Hillsboro's motion for bill of costs.  Doc. No. 52.  Following cross motions for summary judgment, the Court entered judgment in favor of Defendant and against Plaintiffs William Becker and Darcy Lynch.  Doc. No. 51.  Defendant timely filed its motion for bill of costs, which seeks $4,174.60 in costs related to transcript copies and mediation fees.  Plaintiffs have filed objections related to Defendant's request for mediation costs.  For the reasons set forth below, Defendant's motion will be granted in part and denied in part.

**Legal Standard**

District courts may award costs to a prevailing part pursuant to Fed. R. Civ. P. 54(d), but "such costs must be set out in 28 U.S.C. § 1920 or some other statutory authorization."  *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006). (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 438 (1987)).  The party objecting to an award of costs "bears the burden of overcoming the presumption that [the prevailing party] is entitled to recover all costs allowed by § 1920."  *Stanley v. Cottrell,*

1

*Inc.*, 784 F.3d 454, 464 (8th Cir. 2015). If the opposing party objects, this Court may exercise its discretion to grant, deny, or modify the costs. *Burdess v. Cottrell, Inc.*, No. 4:17-CV-01515-JAR, 2022 WL 888135, *1 (E.D. Mo. Mar. 25, 2022). District courts have "substantial discretion" in awarding costs under Rule 54(d). *Smith*, 436 F.3d at 889 (citing *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997)).

**Requested Costs**

As the prevailing party, Defendant seeks $3,375.85 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case and $798.75 in mediation fees. Plaintiffs have not objected to Defendant's request for transcript fees, and such costs are authorized under 28 U.S.C. § 1920(2) (A district court may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."). Accordingly, the Court will grant Defendant's request for transcript costs.

Plaintiffs specifically object to Defendant's request for mediation fees. Mediation fees are not authorized by 28 U.S.C. § 1920, nor has Defendant provided any other statutory authorization for such costs. Therefore, the $798.75 mediation fee will not be allowed. *See Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (finding that district court abused its discretion in taxing mediator's fees against defendants because it is not authorized under 28 U.S.C. § 1920); *see Hilson v. Safeco Ins. Co. of Ill.*, No. 4:20-CV-1660 PLC, 2022 WL 2168670, at *4 (E.D. Mo. June 16, 2022) (disallowing mediation costs because they "do not constitute an item of taxable cost under 28 U.S.C. § 1920"); *Neidenbach v. Amica Mut. Ins. Co.,* No. 4:13-CV-1604 CAS, 2016 WL 5076149, at *2 (E.D. Mo. Sept. 14, 2016) ("[T]he Eighth Circuit has held that a mediator's fees do

2

not constitute an item of taxable costs under 28 U.S.C. § 1920 . . . . Further, this Court's Local Rules state that, generally, each party will bear the cost of mediation.").

**Plaintiffs' Appeal**

On October 25, 2023, Plaintiffs filed an appeal in this matter which is currently pending before the Eighth Circuit.  *See Becker v. City of Hillsboro*, Case No. 23-3367.  However, because "'costs are appealable separately from the merits,' a court still has the power to award costs when an appeal on the merits is pending." *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 930 (8th Cir. 2011) (citing *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260–61 (7th Cir.1994)).  Thus, having considered the merits of Defendant's Bill of Costs, the Court will direct the Clerk of Court to tax costs but will further order that execution of such costs shall be stayed pending the resolution of Plaintiff's appeal.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for bill of costs is **GRANTED in part** and **DENIED in part**, in accordance with the findings set forth above.  Doc. No. 52.

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax costs against Plaintiffs and in favor of Defendant City of Hillsboro in the amount of $3,375.85 for the printed or electronically recorded transcripts necessarily obtained for use in this case.

**IT IS FURTHER ORDERED** that execution of this modified Bill of Costs shall be **STAYED** pending the outcome of Plaintiffs' appeal.

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of January, 2024.